UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE JENKINS, | ) | CASE NO. 1:22-cv-1999 |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
|     Defendant. | ) ) | |

*Pro se* Plaintiff Andre Jenkins, an Ohio prisoner, has filed an *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983 seeking damages and other relief against the Ohio Department of Rehabilitation and Correction ("ODRC"). (Doc. No. 1.) He asserts claims for civil rights violations allegedly committed by prison officers and medical and mailroom staff at the Trumbull and Mansfield Correctional Institutions (including claims for excessive force, denial of medical care and mental health services, retaliation, "ongoing harassment," and First Amendment violations relating to his legal mail). (*See id*. at ¶ 4, Statement of Claim.)

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* complaints filed in federal court and any complaint in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint fails to state a claim upon which relief may be granted when it lacks

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A).

The Court finds that Plaintiff's complaint against the ODRC must be dismissed.

Under the Eleventh Amendment, a state and its agencies are immune from claims in federal court seeking damages or injunctive relief unless immunity has been expressly waived. *Reid v. State of Tenn*., 68 F.3d 475 (Table), 1995 WL 619964, at *1 (6th Cir. 1995). "Section 1983 does not abrogate Eleventh Amendment immunity." *Id*. The ODRC is a state agency, and the State of Ohio has not waived its immunity. Accordingly, the ODRC is immune from Plaintiff's suit. *See Danford v. Ohio Dept. of Rehab. and Corrs*., No. 2:10-cv-124, 2011 WL 245588, at *2 (S. D. Ohio Jan. 25, 2011) ("The ODRC is an agency of the State of Ohio. Neither the ODRC nor the State of Ohio have waived their sovereign immunity to suit in this court.").

Further, to state a claim under § 1983, a plaintiff must allege that he suffered a violation of a federal civil right committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The ODRC is not a "person" that may be sued for civil rights violations under § 1983. *See Peeples v. Ohio Dep't of Rehab. & Corr.*, 61 F.3d 904 (Table), 1995 WL 445714, at *1 (6th Cir. 1995) (affirming dismissal of suit against the ODRC on the basis that "the ODRC is not a 'person' subject to suit for damages under § 1983" and did not waive its Eleventh Amendment immunity); *Vizcarrondo v. Ohio Dep't of Rehab. & Corr*., No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) ("multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983.").

**Conclusion**

Based on the foregoing, Plaintiff's complaint is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

**Date:** February 16, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[1] This dismissal is without prejudice to any complaint Plaintiff may file in a new case against proper defendants arising from the same facts that is accompanied by the proper filing fee or motion to proceed *in forma pauperis* and all necessary Marshal forms and summonses.